

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 2:17cr30 KS-JCG

SUSAN K. PERRY                                        18 USC § 1349
                                                      18 USC § 1343
                                                      21 USC § 846
                                                      21 USC § 841(a)(1)
                                                      18 USC § 371
                                                      42 USC § 1320a-7b(b)(1)(A)
                                                      18 USC § 1001(a)(1)

**The Grand Jury charges:**

At all times relevant to this Indictment:

## GENERAL ALLEGATIONS

### Background

1.      TRICARE, administered by the United States Department of Defense, was a federal health care benefit program that provided health care benefits to members of the United States military, as well as to their families, in addition to military retirees.

2.      TRICARE was a "health care benefit program" within the meaning of Title 18, United States Code, Section 24(b).

3.      Individuals who qualified for TRICARE benefits were commonly referred to as "beneficiaries."

4.      Medical service providers, including hospitals, clinics, physicians, nurse practitioners, and pharmacies ("service providers"), meeting certain criteria, could provide medical services to TRICARE beneficiaries, and subsequently submit claims, either electronically or in hardcopy, to TRICARE seeking reimbursement for the cost of services provided.

5.   TRICARE provided prescription drug coverage, including prescription coverage for compounded medications, to eligible beneficiaries through its pharmacy program.

6.   Compounded medications were drugs that were combined, mixed, or altered from other drugs by licensed pharmacists or other licensed practitioners, pursuant to valid prescriptions issued by licensed medical professionals, including physicians and nurse practitioners ("prescribers"), to meet the specific needs of individual patients.

7.   Prescribers, including licensed physicians and nurse practitioners, could prescribe compounded medications to patients upon considering patients' diagnoses, medical conditions, health factors, and reactions to other medications, and only after determining that commercially available medications were not as beneficial or potentially inappropriate or harmful to patients.

8.   For prescription drugs, including compounded medications, to be appropriately reimbursed, TRICARE required that these drugs be dispensed pursuant to valid prescriptions and be medically necessary for the treatment of covered illnesses. In other words, TRICARE would not reimburse prescription drugs, including compounded medications, which were not medically necessary or dispensed without a valid prescription.

9.   TRICARE reimbursed pharmacies dispensing compounding medications based upon the average wholesale price of the individual ingredients contained within the compounded medications.

10.   TRICARE's pharmacy program was administered by Express Scripts, a Pharmacy Benefit Manger, whose responsibility was to receive, adjudicate, and pay TRICARE claims submitted by service providers or beneficiaries.

11.   Regardless of where service providers provided pharmacy benefits, Express Scripts necessarily adjudicated claims submitted electronically in Piscataway, New Jersey, and claims

2

submitted in hardcopy in Lexington, Kentucky. In other words, whether electronic or hard copy, claims submitted by service providers located in Mississippi necessarily traveled in interstate commerce to be adjudicated by Express Scripts.

### Relevant Entities and Individuals

12.     Pharmacy 1, formed in 2008 and located in Lamar County, Mississippi, was initially an open door, retail pharmacy, but in or around 2012, shifted its primary business focus to the production of compounded medications.

13.     Marketing Company 1, formed in 2012 and located in Lamar County, Mississippi, contracted with Pharmacy 1 to market Pharmacy 1's compounded medications to service providers and beneficiaries, including TRICARE beneficiaries, in exchange for a percentage of the reimbursements received from health care benefit providers, including TRICARE, for compounded medications dispensed by Pharmacy 1 based on Marketing Company 1's referrals. Marketing Company 1 entered into agreements with numerous individuals and sub-marketing companies to market Pharmacy 1's compounded medications ("Marketers") to service providers, including physicians and nurse practitioners.

14.     Marketer 1 entered into an agreement with a sub-marketing company of Marketing Company 1 to market Pharmacy 1's compounded medications.

15.     Immediate Family Clinic, LLC ("Immediate Family Clinic"), was a Mississippi Limited Liability Company formed in 2010 and located at 2472 Pass Road, Biloxi, Mississippi. Immediate Family Clinic provided primary and urgent care services to TRICARE beneficiaries, and others.

16.     **SUSAN K. PERRY**, a board certified family nurse practitioner and resident of Grand Bay, Alabama, operated Immediate Family Clinic.

17.     Employee 1 was employed at Immediate Family Clinic.

3

18.     Employee 2 was employed at Immediate Family Clinic.

## COUNT 1

### The Conspiracy and Its Object

19.     Paragraphs 1 through 18 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

20.     Beginning in or around February 2013, and continuing through in or around October 2016, in Lamar and Harrison Counties, in the Southern District of Mississippi, and elsewhere, the defendant, **SUSAN K. PERRY**, conspired and agreed with others known and unknown to the Grand Jury, to commit certain offenses against the United States, that is:

a.      to knowingly and with the intent to defraud devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and to knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such a scheme and artifice, in violation of Title 18, United States Code, Section 1343; and

b.      to knowingly and willfully execute a scheme and artifice to defraud a healthcare benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, TRICARE, and other health care benefit providers, and to obtain, by means of material false and fraudulent pretenses, representations, and promises, money owned by and under the custody and control of TRICARE, and other health care benefit programs, in connection with the delivery of and payment for health care benefits and services, in violation of Title 18, United States Code, Section 1347.

4

**Purpose of the Conspiracy**

21.    It was a purpose of the conspiracy for the defendant and her co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to TRICARE and other health care benefit programs; (b) concealing the submission of false and fraudulent claims to TRICARE, and other health care benefit programs; and (c) diverting proceeds of the fraud for the personal use and benefits of the defendant and her co-conspirators.

**Manner and Means**

22.    The manner and means by which the defendant sought to accomplish the object of the scheme included, among others, the following:

a.    To maximize reimbursement from TRICARE and health care benefit programs, Pharmacy 1 formulated compounded medications, not based on scientific evaluations of effectiveness or individualized patient need, but rather, to maximize reimbursement from TRICARE and other health care benefit programs ("High-Yield Compounded Medications");

b.    Pharmacy 1 mass produced High-Yield Compounded Medications and further collaborated with Marketing Company 1 to create a series of preprinted prescription forms ("Preprinted Prescription Forms") encouraging prescribers to prescribe these High-Yield Compounded Medications;

c.    Marketers, including Marketer 1, solicited **PERRY** to prescribe Pharmacy 1's High-Yield Compounded Medications to her patients, including TRICARE beneficiaries, and accordingly, provided **PERRY** with Preprinted Prescription Forms;

d.    **PERRY**, in exchange for agreeing to sign Preprinted Prescription Forms prescribing High-Yield Compounded Medications to beneficiaries, solicited kickback payments

5

from Marketers, including Marketer 1;

      e.     To increase the number of High-Yield Compounded Medications prescriptions generated and further increase the kickback payments potentially received, **PERRY** further solicited Immediate Family Clinic employees, including Employee 1 and Employee 2, to identify TRICARE beneficiaries to whom **PERRY** could prescribe High-Yield Compounded Medications;

      f.     In exchange for expected kickback payments, **PERRY** signed Preprinted Prescription Forms prescribing High-Yield Compounded Medications to beneficiaries, including TRICARE beneficiaries, and on occasion, without first examining the beneficiaries to determine whether the High-Yield Compounded Medications were medically necessary;

      g.     **PERRY** delivered signed Preprinted Prescription Forms to Marketers, including Marketer 1, who, in turn, faxed those Preprinted Prescription Forms or caused them to be delivered to Pharmacy 1;

      h.     Pharmacy 1 dispensed High-Yield Compounded Medications to beneficiaries, including TRICARE beneficiaries, predicated on the Preprinted Prescription Forms signed by **PERRY**, and subsequently submitted electronic claims through interstate wire transmissions to TRICARE, via Express Scripts, and other health care benefit providers for the High-Yield Compounded Medications dispensed;

      i.     TRICARE, via Express Scripts, and other health care benefit providers reimbursed Advantage Pharmacy's claims for dispensing High-Yield Compounded Medications relying on Pharmacy 1's representations that High-Yield Compounded Medications were dispensed based upon valid prescriptions and were medically necessary;

      j.     TRICARE, via Express Scripts, reimbursed Pharmacy 1 more than $3.3

million for claims submitted for dispensing High-Yield Compounded Medications predicated on Preprinted Prescription Forms signed by **PERRY**;

k.      Pharmacy 1, in turn, paid kickbacks to Marketing Company 1, which, in turn, paid Marketers a percentage of the reimbursements paid to Pharmacy 1 by TRICARE, and other health care benefit providers, based upon the referral of prescriptions, including Preprinted Prescription Forms signed by **PERRY**;

l.      Marketers, in turn, paid illegal remuneration, including kickbacks, to **PERRY** totaling more than $50,000 for prescribing High-Yield Compounded Medications to beneficiaries, including TRICARE beneficiaries, and referring the prescriptions to Pharmacy 1 via Marketers;

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-5

23.    Paragraphs 1 through 18 and 22 of the Indictment are realleged and incorporated by reference as though fully set forth herein.

24.    On or about the dates specified below, in Lamar and Harrison Counties, in the Southern District of Mississippi, and elsewhere, for the purpose of executing the above-described scheme to defraud TRICARE and other health care benefit programs, and obtain money by materially false and fraudulent pretenses and representations, defendant **SUSAN K. PERRY** aided and abetted by others known and unknown to the Grand Jury, did knowingly cause to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals, pictures and sounds, namely, false and fraudulent claims for High-Yield Compounded Medications predicated on prescriptions signed by **PERRY** and dispensed by Pharmacy 1, between Hattiesburg, Mississippi, and Piscataway, New Jersey, with each transmission constituting a separate count:

| Count | Beneficiary | Description of Interstate Wire Communication | Approximate Date Transmitted | Amount Paid |
|-------|-------------|----------------------------------------------|------------------------------|-------------|
| 2 | M.P. | Prescription number 130770 | 07/30/2014 | $11,507.75 |
| 3 | C.M. | Prescription number 137041 | 10/01/2014 | $11,507.78 |
| 4 | H.M. | Prescription number 137067 | 10/01/2014 | $11,507.78 |
| 5 | A.N. | Prescription number 137326 | 10/03/2014 | $11,524.78 |

Each of the above is a violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 6

### The Conspiracy and Its Object

25.    Paragraphs 1 through 18 and 22 of the Indictment are realleged and incorporated by reference herein as though fully set forth herein.

26.    Beginning in or around October 2014, and continuing through in around October 2016, in Lamar and Harrison Counties, in the Southern District of Mississippi, and elsewhere, the defendant, **SUSAN K. PERRY**, did knowingly and intentionally conspire, confederate, and agree with others persons known and unknown to the Grand Jury to distribute and dispense, outside the scope of professional practice and not for a legitimate medical purpose, quantities of Ketamine, a Schedule III controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

## COUNT 7

27.    Paragraphs 1 through 18 and 22 of the Indictment are realleged and incorporated by reference herein as though fully set forth herein.

28.    On or about February 26, 2015, in Lamar and Harrison Counties, in the Southern District of Mississippi, and elsewhere, the defendant, **SUSAN K. PERRY**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally distribute and dispense,

outside the scope of professional practice and not for a legitimate medical purpose, quantities of Ketamine, a Schedule III controlled substance, via prescription number 153301, to TRICARE beneficiary M.P., in violation of Title 21, United States Code, Sections 841(a)(1) and 2.

## COUNT 8

29.    Paragraphs 1 through 18 and 22 of the Indictment are realleged and incorporated by reference herein as though fully set forth herein.

30.    Beginning in or around December 2013, and continuing through in or around October 2016, in Lamar and Harrison Counties, in the Southern District of Mississippi, and elsewhere, the defendant, **SUSAN K. PERRY**,conspired and agreed with others known and unknown to the Grand Jury, to commit certain offenses against the United States, that is,

a.    to knowingly and willfully solicit and receive remuneration, specifically, kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by a Federal health care program, that is, TRICARE; and for the purchasing, leasing, ordering, and arranging for and recommending the purchasing, leasing, and ordering of any good, item, and service for which payment may be made in whole and in part by a Federal health care program, that is, TRICARE,  in violation of Title 42, United States Code, Sections 1320a-7b(b)(1)(A) and 1320a-7b(b)(1)(B); and

b.    to knowingly and willfully offer and pay remuneration, specifically, kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by a Federal health care program, that is, TRICARE; and for the purchasing, leasing, ordering, and arranging for and recommending the purchasing,

9

leasing, and ordering of any good, item, and service for which payment may be made in whole and in part by a Federal health care program, that is, TRICARE, in violation of Title 42, United States Code, Sections 1320a-7b(b)(2)(A) and 1320a-7b(b)(2)(B).

## Purpose of the Conspiracy

31.     It was a purpose of the conspiracy for defendant and her co-conspirators to unlawfully enrich themselves by (1) offering, paying, soliciting, and receiving kickbacks and bribes in exchange for arranging and recommending High-Yield Compounded Medications to be dispensed to TRICARE beneficiaries by Pharmacy 1, and (2) submitting and causing the submission of claims to TRICARE for High-Yield Compounded Medications procured by kickback payments.

## Overt Acts

32.     In furtherance of the conspiracy, and to accomplish its object and purpose, defendant and her co-conspirators committed and caused to be committed, in Lamar and Harrison Counties, in the Southern District of Mississippi, and elsewhere, the following overt acts:

a.      In or around December 2013, **PERRY** met with Marketer 1 and agreed to sign Preprinted Prescription Forms in exchange for approximately $250 per form signed;

b.      On or about January 14, 2014, **PERRY** signed a Preprinted Prescription Form prescribing High-Yield Compounded Medications to TRICARE beneficiary M.H.;

c.      On or about January 14, 2014, **PERRY** faxed or caused to be faxed to Pharmacy 1 the Preprinted Prescription Form prescribing High-Yield Compounded Medications to TRICARE beneficiary M.H.;

d.      On or about January 15, 2014, Pharmacy 1 dispensed High-Yield Compounded Medications to TRICARE beneficiary M.H. based upon the Preprinted Prescription Form signed by **PERRY**;

10

e.      On or about January 15, 2014, Pharmacy 1 electronically submitted a claim to TRICARE, via Express Scripts, for dispensing High-Yield Compounded Medications to TRICARE beneficiary M.H. prescribed by PERRY;

f.      On or about January 15, 2014, TRICARE, via Express Scripts, adjudicated and ultimately reimbursed Pharmacy 1 approximately $11,506.56 for dispensing High-Yield Compounded Medications that **PERRY** prescribed to M.H.;

g.      In or around March 2014, Marketer 1 paid to **PERRY** approximately $250 for signing the Preprinted Prescription Form prescribing High-Yield Compounded Medications to TRICARE beneficiary M.H.;

All in violation of Title 18, United States Code, Section 371.

## COUNTS 9-12

33.     Paragraphs 1 through 18, 22, and 32 of the Indictment are realleged and incorporated by reference herein as though fully set forth herein.

34.     On or about the dates identified in the table below, in Lamar and Harrison Counties, in the Southern District of Mississippi, and elsewhere, the defendant, **SUSAN K. PERRY**, knowingly and willfully solicited and received remuneration, that is kickback and bribes, directly and indirectly, overtly and covertly, in cash and in kind, in return for referring TRICARE beneficiaries to a person for the furnishing and arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program as defined in Title 42, United States Code, Section 1320a-7b(f), that is, TRICARE, as set forth below:

11

| Count | Description | Approximate Date of Payment | Amount |
|---|---|---|---|
| 9 | Cash paid by Marketer 1 to **PERRY** regarding prescription number 113599 for High-Yield Compounded Medications associated with TRICARE beneficiary L.H. | March 2014 | $250 |
| 10 | Cash paid by Marketer 1 to **PERRY** regarding prescription number 112905 for High-Yield Compounded Medications associated with TRICARE beneficiary G.K. | March 2014 | $250 |
| 11 | Cash paid by Marketer 1 to **PERRY** regarding prescription number 113340 for High-Yield Compounded Medications associated with TRICARE beneficiary C.H. | March 2014 | $250 |
| 12 | Cash paid by Marketer 1 to **PERRY** regarding prescription number 112975 for High-Yield Compounded Medications associated with TRICARE beneficiary M.H. | March 2014 | $250 |

Each of the above is a violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT 13

35.    Paragraphs 1 through 18, 22, and 32 of the Indictment are realleged and incorporated by reference herein as though fully set forth herein.

36.    On or about January 21, 2016, in Harrison County, in the Southern District of Mississippi, the defendant, **SUSAN K. PERRY**, in a matter within the jurisdiction of the executive branch of the Government of the United States, that is an investigation into health care fraud, did knowingly and willfully make a materially false statement to special agents with the Federal Bureau of Investigation and the United States Department of Health and Human Services-Office of the Inspector General, by telling special agents that she **(PERRY)** had neither been offered nor received anything of value in exchange for prescribing compounded medications, when in fact, as she knew then, that she had been offered and received something of value, namely, approximately $250 per prescription signed, in violation of Title 18, United States Code, Section 1001(a)(1).

12

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

1.      Upon conviction of Counts 1 through 5 and 8 through 12 contained in this Indictment, the defendant, **SUSAN K. PERRY**, shall forfeit to this United States pursuant to Title 18, United States Code, Section 982(a)(7), all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds of the violations, including but not limited to a sum of money equal to the amount of gross proceeds of the offenses.

2.      Upon conviction of Counts 6 and 7 contained in this Indictment, the defendant, **SUSAN K. PERRY**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations, including but not limited to a sum of money equal to the amount of gross proceeds of the offenses.

3.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

         a.      cannot be located upon the exercise of due diligence;

         b.      has been transferred or sold to, or deposited with, a third party;

         c.      has been placed beyond the jurisdiction of the court;

         d.      has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States,

13

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States

Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of

the forfeitable property described above.

D. MICHAEL HURST, JR.
United States Attorney

A TRUE BILL:

s/ signature redacted

Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or the deputy foreperson of
the Grand Jury on this the 18th day of October, 2017.

UNITED STATES DISTRICT JUDGE